**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| BRANDON JERMAINE GREEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Detective TOBY KNIFER,1 | : | NO. 7:13-CV-46-HL-TQL |
| *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **BRANDON JERMAINE GREEN**, who is confined at the Thomas County Jail ("TCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   In compliance with this Court's prior Order, Plaintiff has paid the required initial partial filing fee of $14.46.   Plaintiff will be obligated to pay the unpaid balance of $335.54, as is discussed below.   The Clerk of Court is directed to send a copy of this Order to the business manager of the TCJ.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

---

1 Although Plaintiff states this Defendant's name is Toby Kniffer, the Court believes the proper spelling is Knifer.

1

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   ***See Chappell v. Rich***, 340 F.3d

1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff was arrested on September 24, 2012, and charged with various crimes, including several counts of rape.   One of the victims apparently identified Plaintiff in a lineup that occurred on September 19, 2012.   Plaintiff is not entirely clear, but appears to allege that he was arrested without a warrant or probable cause.   Plaintiff further complains that his arresting officer, Defendant Detective Toby Knifer, illegally impounded Plaintiff's truck, which is where the alleged assaults occurred.   Knifer then obtained a warrant, signed by Defendant Judge Andrew Seery, in order to conduct a more thorough search of Plaintiff's truck.   On September 26, 2012, Plaintiff was summoned to the intake area, where, over Plaintiff's objections, Knifer forcibly drew DNA from him.   Plaintiff claims the warrant was "fake" and did not conform to Georgia law.

Plaintiff also complains about his ongoing prosecution.   He alleges that Defendant Catherine Smith, an Assistant District Attorney ("ADA"), and Defendant Jennifer Phillips, who represented Plaintiff during his arraignment, are sisters and that they "clearly shared opinions, plans and bia[s]ness against [Plaintiff]."   Plaintiff further alleges that ADA Smith is biased against persons accused of rape, as evidenced by her attending a "sexually battered vict[im's] seminar" two days prior to his bond hearing.

In addition to Knifer, Seery, Smith, and Phillips, Plaintiff sues the State of Georgia, the

3

Thomasville Police Department, and the TCJ. Plaintiff seeks monetary damages and asks the Court to declare that Smith and Phillips have a conflict of interest.

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. Government Defendants

None of the governmental parties are proper defendants in this action. The Eleventh Amendment bars a prisoner's section 1983 action against the State of Georgia, for both monetary damages and injunctive relief. *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 98, 71 (1989) (state and its agencies are not "persons" for purposes of section 1983 liability). Further, the Thomasville Police Department and the TCJ are not suable entities. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (DeKalb County Police Department not subject to suit under section 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Bunyon v. Burke County*, 285 F.Supp.2d 1310, 1328 (S.D.Ga.2003) (dismissing claim against police department, reasoning it was not a legal entity subject to suit), *aff'd*,116 F. App'x. 249 (11th Cir.2004); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga.1984) (concluding that the City of Atlanta police department is not a proper defendant, but "merely the vehicle through which the City government fulfills its policing functions").

Based on the foregoing, it is **RECOMMENDED** that the State of Georgia, the Thomasville Police Department, and the TCJ be **DISMISSED** as Defendants herein.

4

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### 2. *Immune Defendants*

Plaintiff's claims against Judge Andrew Seery and ADA Catherine Smith are barred by the doctrine of absolute immunity.     *See McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (state prosecuting officer had absolute immunity under section 1983 when initiating a prosecution and when presenting a state's case).     Plaintiff alleges no facts undermining the immunity of Seery or Smith.

Based on the foregoing, it is **RECOMMENDED** that Judge Seery and ADA Smith be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### 3. *Public Defender Phillips*

As Plaintiff's public defender during his arraignment, Jennifer Phillips did not act under color of state law and is therefore not subject to suit under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (in representing a criminal defendant, a public defender is not a state actor); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).   An attorney may be sued under section 1983, however, if she conspired with someone who did act under color of state

law.  ***Wahl***, 773 F.2d at 1173.   In order to state a colorable conspiracy claim, Plaintiff must allege the parties reached an agreement to violate his constitutional rights.  ***Rowe v. City of Fort Lauderdale***, 279 F.3d 1271, 1283-84 (11th Cir. 2002).   Plaintiff's mere allegation that Phillips and Smith had "shared opinions" about him are insufficient to state a conspiracy claim.

Based on the foregoing, it is **RECOMMENDED** that Public Defender Phillips be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B.  Remaining Defendant

It is by no means clear that Plaintiff's claim against Defendant Toby Knifer will ultimately be successful.  Liberally construing Plaintiff's allegations in his favor, however, the Court concludes that he may have colorable Fourth Amendment claims against Detective Toby Knifer. Accordingly, it is hereby **ORDERED** that service be made on Detective Knifer and that he file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the ***Prison Litigation Reform Act***.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed

herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from

7

one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 20th day of May, 2013.


s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr